Case No. 1:09-CV-01972-HHK
# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EARTHWORKS, et al., ) | |
| Plaintiffs, ) | |
| v. ) | |
| U.S. DEPARTMENT OF THE ) | |
| INTERIOR, et al., ) | |
| Defendants, ) | Case No. 1:09-CV-01972-HHK |
| and ) | |
| BARRICK NORTH AMERICA ) | |
| HOLDING CORPORATION ) | |
| and ) | |
| ABX FINANCECO INC., ) | |
| Applicants ) | |
| Intervenors/Defendants. ) | |

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS BARRICK NORTH AMERICA HOLDING CORPORATION AND ABX FINANCECO INC.**

Barrick North America Holding Corporation and ABX Financeco Inc. (collectively "Barrick"), by and through counsel, hereby submit this Answer to Plaintiffs' Complaint.

Each paragraph in Plaintiffs' Complaint is answered in order, either individually or collectively, below. To the extent any of the numbered or unnumbered section or subsection headings used in Plaintiffs' Complaint are deemed to contain allegations of fact, Barrick denies them. Any allegation not specifically admitted below is denied.

Exhibit (2)

1-5.   Paragraphs 1 through 5 contain Plaintiffs' characterizations of this lawsuit, to which no response is required. Barrick admits that Plaintiffs purport to challenge an interim final rule titled "Mining Claims Under the General Mining Laws" ("2008 Mining Claim Rule"), as well as portions of a DOI/BLM final rule entitled "Locating, Recording, and Maintaining Mining Claims or Sites" ("2003 Mill Site Rule"). To the extent Paragraphs 1-5 purport to characterize or summarize those regulations, those regulations speak for themselves and are the best evidence of their content; any allegations to the contrary of that best evidence are denied. Further, Paragraph 2 refers to this Court's opinion in *Mineral Policy Center v. Norton*, 292 F. Supp. 2d 30 (D.D.C. 2003) ("*Mineral Policy Center*"). That opinion in its entirety speaks for itself and is the best evidence of its content; any allegations to the contrary of that best evidence are denied. Further, Paragraphs 1-5 state several conclusions of law, which require no response. As to the remaining allegations of Paragraphs 1-5, Barrick denies them.

6-11.   Paragraphs 6 through 11 purport to summarize, characterize, and/or selectively quote from various regulations and regulatory decisions, as well as this Court's decision in *Mineral Policy Center*. Those regulations and regulatory decisions, as well as this Court's opinion, in their entirety speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. Further, Paragraphs 6-11 contain numerous conclusions of law, to which no response is required. Barrick denies the remaining allegations in Paragraphs 6-11.

12-18.   Paragraphs 12 through 18 purport to summarize, characterize, and/or selectively quote from various statutes, regulations, and policy statements. Those statutes, regulations, and policy statements speak for themselves and are the best evidence of their content; any allegation to the contrary of that best evidence is denied. Further, Paragraph 13 quotes selectively from this

Court's opinion in *Mineral Policy Center*. That opinion in its entirety speaks for itself and is the best evidence of its contents; any allegation to the contrary of that best evidence is denied. Further, Paragraphs 12-18 contain numerous conclusions of law, which require no response. Barrick denies the remaining allegations of Paragraphs 12-18.

19-22.  Paragraphs 19 through 22 consist of Plaintiffs' characterizations of this lawsuit, which require no response. Further, Paragraphs 19-22 state conclusions of law, to which no response is required. Barrick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 related to Plaintiffs and their members. To the extent Paragraphs 19-22 are deemed to contain allegations of fact, those allegations are denied.

23-24.  Paragraphs 23 and 24 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

25-36.  To the extent Paragraphs 25 through 36 allege various impacts of the challenged rules on Plaintiffs, Barrick is without sufficient information to form a belief as to the truth of those allegations. Paragraphs 25-36 state numerous conclusions of law, as to which no response is required. To the extent that Paragraphs 25-36 purport to characterize *Mineral Policy Center* as well as various statutes and regulations, those authorities speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. Barrick denies the remaining allegations in Paragraphs 25-36.

37-38.  Barrick admits that DOI/BLM is reviewing a proposed expansion of the Round Mountain Mine in Nye County, Nevada. To the extent Paragraphs 37 and 38 relate to Plaintiffs themselves, Barrick is without sufficient information to form a belief as to the truth of those allegations. Barrick denies the remaining allegations of Paragraphs 37-38, and avers as follows: BLM is currently considering a proposed amendment to the plan of operations for the Round

Mountain Mine which would expand operations and extend the life of the mine. A Draft Environmental Impact Statement ("EIS") evaluating the proposed expansion, as well as alternatives to the proposed action, was released for public review and comment in July 2009. BLM is reviewing and responding to public comments, including comments from plaintiff Great Basin Resource Watch, that were submitted on the Draft EIS. After publication of the Final Environmental Impact Statement, BLM will issue a Record of Decision.

39-58.  To the extent Paragraphs 39 through 58 relate to Plaintiffs themselves, Barrick is without sufficient information to form a belief as to the truth of those allegations. Paragraphs 39-58 state numerous conclusions of law, to which no response is required. To the extent Paragraphs 39-58 purport to characterize communications between or among government officials and/or third parties, Barrick is without sufficient information as to form a belief as to the truth of those allegations. To the extent that Paragraphs 39-58 purport to characterize *Mineral Policy Center* as well as various statutes and regulations, those authorities speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. Barrick denies the remaining allegations in Paragraphs 39-58.

59-68.  Paragraphs 59 through 68 state numerous conclusions of law, to which no response is required. To the extent Paragraphs 59-68 purport to characterize statutes and/or regulations implemented by federal agencies, or agency reliance or enforcement on such authorities, those statutes, regulations, and policies speak for themselves and are the best evidence of their content; any allegations to the contrary of that best evidence are denied. Paragraph 59 contains Plaintiffs' characterizations of this lawsuit, which require no response. The remaining allegations of Paragraphs 59-68 are denied.

69-93.  Paragraphs 69 through 93 purport to summarize and characterize various statutes, regulations, regulatory decisions and policy statements, as well as legislative history and Congressional testimony.  Those authorities speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  Paragraphs 69-93 further purport to summarize and characterize the procedural history of *Mineral Policy Center* and this Court's decision in that matter.  That procedural history, and this Court's decision in its entirety, speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  Paragraphs 69-93 further assert numerous conclusions of law, to which no response is required.  To the extent Paragraph 74 relates to Plaintiffs themselves, Barrick is without sufficient knowledge to form a belief as to the truth of those allegations.  The remaining allegations in Paragraphs 69-93 are denied.

94-109.  Paragraphs 94 through 109 purport to summarize and characterize various statutes, regulations, regulatory decisions, and policy statements.  Those statutes, regulations, regulatory decisions, and policy statements speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  Paragraphs 94-109 further assert conclusions of law, to which no response is required.  The remaining allegations in Paragraphs 94-109 are denied.

110-114.  Paragraphs 110 through 114 state several conclusions of law, to which no response is required.  Further, Paragraphs 110-114 purport to summarize and characterize various regulatory policies, as well as this Court's decision in *Mineral Policy Center*.  Those policies, and this Court's decision in its entirety, speak for themselves and are the best evidence of their content; any allegations to the contrary of that best evidence are denied.  The remaining allegations in Paragraphs 110-114 are denied.

115-139.  Paragraphs 115 through 139 quote selectively from and characterize various statutes, regulations, manuals, and policy decisions, as well as this Court's decision in *Mineral Policy Center*.  Those authorities in their entirety speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  Paragraphs 115-139 also state numerous conclusions of law, to which no response is required.  Any remaining allegations in Paragraphs 115-139 are denied.

140-146.  Paragraphs 140 through 146 quote selectively from and purport to characterize statutes and regulations.  Those authorities in their entirety speak for themselves and are the best evidence of their contents.  Any allegations to the contrary of that best evidence are denied.  Further, Paragraphs 140-46 state numerous conclusions of law, to which no response is required.  To the extent any remaining allegation in Paragraphs 140-46 may be considered an allegation of fact, Barrick denies it.

147-150.  Paragraphs 147 through 150 quote selectively from and summarize statutes and regulations.  Those authorities in their entirety speak for themselves and are the best evidence of their contents.  Any allegations to the contrary of that best evidence are denied.  Further, Paragraphs 147-150 state numerous conclusions of law, to which no response is required.  To the extent any remaining allegation in Paragraphs 147-150 may be considered an allegation of fact, Barrick denies it.

151.  Barrick incorporates its responses in the preceding paragraphs as though fully set forth herein.

152-154.  Paragraphs 152 through 154 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

155. Barrick incorporates its responses in the preceding paragraphs as though fully set forth herein.

156-157. Paragraphs 156 and 157 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

158. Barrick incorporates its responses in the preceding paragraphs as though fully set forth herein.

159-161. Paragraphs 159 through 161 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

162. Barrick incorporates its responses in the preceding paragraphs as though fully set forth herein.

163-164. Paragraphs 163 through 164 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is deemed required, Barrick denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Barrick denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over some or all of Plaintiffs' claims.

2. Plaintiffs lack standing to bring some or all of their claims.

3. Some or all of Plaintiffs' claims are not ripe for review.

4. Some or all of Plaintiffs' claims are barred by laches and/or the applicable statute of limitations.

5. Plaintiffs have failed to exhaust administrative remedies before seeking judicial review.

6. Plaintiffs have failed to state a claim.

7. Barrick reserves the right to amend and/or supplement these affirmative defenses as may become appropriate through research, investigation, discovery, or otherwise.

\* \* \*

WHEREFORE, Barrick respectfully requests that this Court deny all relief sought by Plaintiffs, grant judgment to Defendants and Intervenor-Defendants, and grant Defendants and Intervenor-Defendants such additional relief as the Court may deem just and proper.

**DATED**:  November 9, 2009

> Respectfully submitted,
>
> /s/ Stephen A. Fennell
> Stephen A. Fennell
> sfennell@steptoe.com
> Jeffrey E. McFadden
> jmcfadden@steptoe.com
> John P. Nolan
> jpnolan@steptoe.com
> Steptoe & Johnson LLP
> 1330 Connecticut Ave. NW
> Washington, D.C.  20036
> (202) 429-6270
> *Attorneys for*
> *Barrick North America Holding Corp. and*
> *ABX Financeco Inc.*