IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EARTHWORKS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | ) ) ) ) | No. 1:09-cv-01972-HHK |
| Defendants, | ) ) | |
| and | ) ) | |
| NATIONAL MINING ASSOCIATION, | ) ) | |
| Intervenor-Defendant. | ) ) | |

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANT NATIONAL MINING ASSOCIATION**

Intervenor-Defendant National Mining Association ("NMA") files this Answer pursuant to Rules 12 and 24 of the Federal Rules of Civil Procedure. Any allegation not specifically admitted below is denied. Answering the numbered paragraphs of the Complaint (October 20, 2009), NMA admits, denies, and avers as follows:

1.  Paragraph 1 contains Plaintiffs' characterizations of this lawsuit, which require no response. As to the factual allegation of Paragraph 1, NMA admits that on December 4, 2008, Defendant Bureau of Land Management ("BLM") of the U.S. Department of the Interior ("DOI") published in the Federal Register an interim final rule titled "Mining Claims Under the General Mining Laws" ("2008 Rule"). In further response, NMA avers that the 2008 Rule was approved by BLM on November 14, 2008. *See* 73 Fed. Reg. 73794.

- 2 -

2. Paragraph 2 purports to summarize and characterize the 2008 Rule. The rule speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

3. Paragraph 3 contains Plaintiffs' characterizations of this lawsuit, which require no response. As to the factual allegation of Paragraph 3, NMA admits that on October 24, 2003, BLM published in the Federal Register a final rule titled "Locating, Recording, and Maintaining Mining Claims or Sites" ("2003 Rule"). In further response, NMA avers that the 2003 Rule was approved by BLM on October 9, 2003. *See* 68 Fed. Reg. 61064.

4. Paragraph 4 contains Plaintiffs' characterizations of this lawsuit, which require no response.

5. Paragraph 5 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

6. Paragraph 6 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied. In addition, Paragraph 6 purports to summarize and characterize this Court's Memorandum Opinion in *Mineral Policy Center v. Norton*, 292 F. Supp. 2d 30 (D.D.C. 2003). That Memorandum Opinion speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

7. Paragraph 7 selectively quotes from this Court's Memorandum Opinion in *Mineral Policy Center*, *supra*. The Memorandum Opinion in its entirely speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

8. Paragraph 8 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied. In addition, Paragraph

8 purports to summarize and characterize this Court's Memorandum Opinion in *Mineral Policy Center*, *supra*, and the 2008 Mining Claim Rule. That Memorandum Opinion and the Rule speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

9. The first sentence of Paragraph 9 purports to summarize and characterize the 2008 Rule, which speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. NMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 9, and therefore denies those allegations.

10. Paragraph 10 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

11. The first sentence of Paragraph 11 quotes selectively from the preamble to the 2008 Rule, which preamble in its entirety speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. The second sentence states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

12. Paragraph 12 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied. In further response, NMA avers that the 2003 Rule did not reverse or overturn the Interior Department's official interpretation but, to the contrary, followed the BLM's consistent practice and interpretation for many decades that the 5-acre mill site provision in 30 U.S.C. § 42 limits the size of individual mill sites, not the number of mill sites per mining claim. *See* 68 Fed. Reg. 61054-55.

13. The first sentence of Paragraph 13 selectively quotes from this Court's Memorandum Opinion in *Mineral Policy Center*, *supra*. The Memorandum Opinion in its entirely speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. NMA denies the remaining allegations of Paragraph 13.

14. The first sentence of Paragraph 14 purports to summarize and characterize the 2003 Rule, which speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. The second sentence states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

15. Paragraph 15 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

16. Paragraph 16 quotes selectively from the preamble to the 2003 Rule, which preamble in its entirety speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. Further, Paragraph 16 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

17. NMA lacks sufficient knowledge and information to form a belief as to the truth of the allegations of the first sentence of Paragraph 17, and therefore denies those allegations. The remainder of Paragraph 17 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied. Further, insofar as Paragraph 17 purports to summarize or characterize the 2003 Rule or its preamble, those documents speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

18. Paragraph 18 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

19. NMA lacks sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 and therefore denies those allegations. The second sentence states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

20. Paragraph 20 consists of Plaintiffs' characterizations of this lawsuit, which require no response.

21-24. Paragraphs 21 through 24 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

25-58. NMA lacks sufficient information about Plaintiffs to form a belief as to the truth of the allegations in Paragraphs 25 through 58, inclusive, and therefore denies those allegations. Further: (1) many of these paragraphs state conclusions of law (e.g., about Plaintiffs' standing), to which no response is required; and (2) insofar as these paragraphs purport to summarize or paraphrase statutes or written documents (including this Court's Memorandum Opinion in *Mineral Policy Center*, *supra*), the cited sources speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

59. NMA admits that the agencies and officials identified in Paragraph 59 are Defendants in this action.

60-61. Paragraph 60 and 61 purport to summarize provisions of various federal statutes and their implementing regulations, which speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

62-67.  Paragraphs 62 through 67 purport to summarize the authority and responsibilities of Defendant agencies and officials under federal statutes.  Those statutes speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

68.  NMA lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies those allegations.  In further response, NMA avers that the historical record of the U.S. Department of Agriculture and the U.S. Forest Service ("DOA/USFS") in managing surface impacts of mining operations on lands under their jurisdiction speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

69.  NMA admits that Congress enacted FLPMA in 1976.  As to Congress's intent and the substantive content of FLPMA, the statute speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

70-73.  NMA admits that DOI/BLM published documents in the Federal Register on the dates referenced in Paragraphs 70 through 73.  The documents speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  In addition, NMA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 71, and therefore denies those allegations.

74.  The first sentence of Paragraph 74 purports to characterize the litigation in *Mineral Policy Center, supra*.  The record of that litigation speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.  In further response, NMA avers that it was an intervenor-defendant in *Mineral Policy Center*.

NMA lacks sufficient information to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 74 and therefore denies those allegations.

75. NMA admits the allegation of Paragraph 75.

76-77. NMA admits that DOI/BLM published documents in the Federal Register on the dates referenced in Paragraphs 76 and 77. The documents speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

78-80. Paragraph 78 through 80 purport to characterize and summarize the litigation in *Mineral Policy Center*, *supra*. The record of that litigation speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. For example, the record demonstrates that this Court did not, as Plaintiffs allege in the last sentence of Paragraph 81, order DOI/BLM to "issue regulations requiring such mining operations on federal land to pay Fair Market Value ('FMV') for use of such lands." In fact, the Court remanded a portion of the 2001 Regulations to DOI "*for evaluation* in light of Congress's expressed policy goal for the United States to 'receive fair market value for the use of public lands and their recourses,' 43 U.S.C. § 1701(a)(9)," 292 F. Supp. 2d at 57 (emphasis added), but did not order DOI/BLM to issue new regulations, much less specify the content of any such regulations. NMA further avers that in the 2008 Rule BLM did properly evaluate the issues raised by this Court's Memorandum Opinion.

81. NMA admits that the referenced memoranda were issued on the dates identified in Paragraph 81. The documents speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

82. Paragraph 82 purports to summarize and characterize an Interior Department Solicitor's Opinion and this Court's opinion in *Mineral Policy Center*, *supra*. Those opinions

speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

83-84.    NMA admits that the referenced memoranda were issued on the dates identified in Paragraphs 83 and 84.  The documents speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

85.    NMA admits that the referenced testimony was presented on the date identified in Paragraph 85.  The record of that testimony speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

86.    Paragraph 86 asserts legal conclusions, to which no response is required.  Further, Paragraph 86 purports to summarize and characterize two memoranda and this Court's opinion in *Mineral Policy Center v. Norton*, *supra*.  The memoranda and opinion speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

87.    NMA admits that DOI/BLM published an "Advance Notice of Proposed Rulemaking" in the Federal Register on the date referenced in the first sentence of Paragraph 87.  The document speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.  NMA lacks sufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 87 and therefore denies those allegations.

88-91.    NMA admits DOI/BLM published an "Interim Final Rule" in the Federal Register on the date referenced in the first sentence of Paragraph 88.  As to the remaining allegations of Paragraphs 88 through 91, the documents referenced in these Paragraphs speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best

evidence are denied. To the extent it alleges the facts, NMA lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies same.

92-93. Paragraph 93 purports to quote from a portion of the contents of a DOI Manual; that Manual speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. In addition, Paragraphs 92 and 93 state conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

94. Paragraph 94 purports to summarize the authority and responsibilities of DOI under a federal statute. The statute speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

95-98. Paragraphs 95 through 98 characterize and purport to summarize the genesis and content of Interior Solicitor's Opinion M-36988 and congressional actions concerning that Opinion. That Opinion speaks for itself and is the best evidence of its content, and the same is true of the congressional actions concerning it. Any allegations to the contrary of that best evidence are denied.

99-100. Paragraphs 99 and 100 characterize and purport to summarize a set of proposed regulations, which speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

101. Paragraph 101 characterizes and purports to summarize the genesis and content of Interior Solicitor's Opinion M-37010, which speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

102. Paragraph 102 characterizes and purports to summarize the 2003 Rule, which speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

103. Paragraph 103 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

104-106. Paragraphs 104 through 106 characterize and purport to summarize the 2003 Rule, which speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. For example, the allegation in Paragraph 106 that the 2003 Rule effected a "very substantial change" in agency policy is contradicted by the preamble to the Rule, which explains that the Rule codifies what has been the BLM's consistent practice and interpretation for many decades, that the 5-acre mill site provision in 30 U.S.C. § 42 limits the size of individual mill sites, not the number of mill sites per mining claim. *See* 68 Fed. Reg. 61054-55.

107. Paragraph 107 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

108-109. NMA lacks sufficient information to admit or deny the allegations of the first sentence of Paragraph 109, and therefore denies those allegations. In addition, Paragraphs 108 and 109 selectively quote from and characterize the preamble to the 2003 Rule, which speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied. Further, these Paragraphs state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

110-114. Paragraphs 110 through 114 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

115-119. Paragraphs 115 through 119 selectively quote from and characterize provisions of FLPMA and implementing regulations. The cited provisions speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

120. NMA lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 120 and therefore denies those allegations. In further response, NMA avers that the historical record of the DOA/USFS in managing mining operations on lands under their jurisdiction speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

121-124. Paragraphs 121 through 124 selectively quote from and characterize provisions of a federal statute and the Forest Service Manual ("FSM"). The cited provisions speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. In addition, Paragraph 124 states conclusions of law, to which no response is required; insofar as this Paragraph is deemed to contain allegations of fact, those allegations are denied.

125-139. Paragraphs 125 through 139 selectively quote from and characterize portions of the General Mining Laws, this Court's opinion in *Mineral Policy Center, supra*, the Forest Service Manual, FLPMA, DOI Memoranda, and a rulemaking preamble. The cited sources taken in their entirely speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied. In addition, many of these Paragraphs state conclusions of law, to which no response is required.

140-146. Paragraphs 140 through 146 selectively quote from and summarize provisions of the National Environmental Policy Act ("NEPA") and implementing regulations. The cited

statutory and regulatory provisions speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

147-149.   Paragraphs 147 through 149 selectively quote from and summarize provisions of the Administrative Procedure Act ("APA") and related case law. The cited statutory provisions and judicial opinions speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

150.   Paragraph 150 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied. In further response, NMA avers that the 2003 Rule conformed to, and did not reverse, DOI's consistent practice and interpretation for many decades concerning the mill site provision of the General Mining Laws.

151.   NMA incorporates its responses in the preceding paragraphs as though fully set forth herein.

152-154.   Paragraphs 152 through 154, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

155.   NMA incorporates its responses in the preceding paragraphs as though fully set forth herein.

156-157.   Paragraphs 156 and 157, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

158.   NMA incorporates its responses in the preceding paragraphs as though fully set forth herein.

159-161. Paragraphs 159 through 161, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

162. NMA incorporates its responses in the preceding paragraphs as though fully set forth herein.

163-164. Paragraphs 163 through 164, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is deemed required, NMA denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

NMA denies each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over some or all of Plaintiffs' claims.

2. Plaintiffs lack standing to bring some or all of their claims.

3. Some or all of Plaintiffs' claims are not ripe for review.

4. Some or all of Plaintiffs' claims are barred by laches and/or the applicable statute of limitations, including 28 U.S.C. § 2401.

5. Plaintiffs have failed to exhaust administrative remedies, including submittal of comments and pursuit of administrative appeals, before seeking judicial review.

6. Plaintiffs have failed to state a claim upon which relief can be granted.

\* \* \*

WHEREFORE, NMA respectfully requests that this Court deny all relief sought by Plaintiffs, grant judgment to Defendants and Intervenor, and grant Defendants and Intervenor such additional relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ R. Timothy McCrum*
R. Timothy McCrum, No. 389061
rmccrum@crowell.com
J. Michael Klise, No. 412420
jmklise@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500

Dated: November 10, 2009

Attorneys for Intervenor National Mining Association