**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EARTHWORKS, *et al.*,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**U.S. DEPARTMENT OF THE INTERIOR, *et al.*,**<br><br>**Defendants,** | **Civil Action No. 1:09-cv-01972-HHK** |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE SUBMITTED BY NORTHWEST MINING ASSOCIATION AND ALASKA MINERS ASSOCIATION**

## INTRODUCTION

Proposed Intervenors Northwest Mining Association ("NWMA") and Alaska Miners Association ("AMA") submit this reply in support of their motion to intervene as party defendants, and in reply to Plaintiffs' response to NWMA's and AMA's motion to intervene. The sole basis for opposing NWMA's and AMA's motion to intervene is Plaintiffs' assertion that these organizations' interests already are adequately represented in this case by NMA. As set forth in detail in NWMA's and AMA's motion and discussed below, that is not so. Indeed, the very minor overlap of only 36 of 1,800 NWMA members who also belong to NMA and of only 8 large mining companies that are AMA members who also belong to NMA strongly indicates NWMA and AMA members represent a different voice that should be heard in this case. Specifically, NWMA and AMA represent the voice of individuals and small companies whose primary focus is on mineral exploration and whose businesses rely on continuous pre-discovery rights to use and occupy public lands for prospecting, exploration, and uses reasonably

incident thereto. Such uses of public lands will be significantly constrained – if not completely eliminated – in the regulatory regime Plaintiffs seek to create.

## DISCUSSION

### I. NWMA and AMA Have the Right to Intervene

Plaintiffs concede that NWMA and AMA satisfy three of the four elements that permit intervention as of right. (Plaintiffs' Response 3.) The remaining element, that other parties to the litigation may not adequately represent NWMA and AMA, serves as the sole basis for Plaintiffs' opposition.

According to Plaintiffs, this Court's allowance of previous proposed intervenors, specifically National Mining Association ("NMA"), precludes NWMA and AMA from intervening because NMA adequately represents NWMA's and AMA's interests. Plaintiffs' oversimplification of NWMA's and AMA's interests misunderstands the relationship with NMA and existing intervenors. The divergence of interests between mineral producers and mineral prospectors and explorers, as clearly outlined in NWMA's and AMA's Motion for Leave to Intervene ("Motion"), and further supported here, warrant intervention.

#### A. NWMA and AMA Members' Interests Are Not Adequately Represented by NMA Because the Associations Represent Members Who Have Different Scopes of Interest

An intervenor need only show that representation "may be" inadequate, not that it is inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10 (1972). This permissive standard is expressly followed by the D.C. Circuit. *Natural Resources Defense Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977). Courts will not find adequate representation premised solely upon a similar ultimate objective, rather courts address the specific interests of the existing parties and proposed intervenors. *See id.* at 911, 912. Courts

reason that "particular interests . . . always 'may not coincide,' thus justifying separate representation." *Id.* at 912 (citing *Nuesse v. Camp*, 385 F.2d. 694, 703 (D.C. Cir. 1967)).

The case *Natural Resources Defense Council v. Costle* ("*N.R.D.C.*") is illustrative of the minimal burden on a movant to show inadequate representation. In *N.R.D.C.*, assorted rubber and chemical companies (the "Companies") sought to intervene in a dispute between various environmental groups and the EPA involving a federal regulatory act. 561 F.2d at 907. The District Court denied intervention on the basis that other industry parties, granted intervention earlier, shared the overall point of view of the Companies. *Id.* at 913. The Companies appealed and the D.C. Circuit reversed the District Court's order and remanded for intervention. *Id.*

Holding that the Companies met the minimal burden of showing inadequate representation, the D.C. Circuit stated that "the District Court must make a 'discriminating appraisal of the circumstance of the particular case' as to whether interests sufficiently overlap before denying intervention." *Id.* (internal citation omitted). The court reasoned that while an overall point of view might be shared between industry groups, the "possibility of disparate interests" justifies intervention. *Id.* at 912-13 (noting that "for instance, none of the existing parties represents the interests of the rubber manufactures," and one chemical company that is a current party may not have interests that bear upon all the industrial categories); *see also Natural Recourses Defense Council, Inc. v. United States E.P.A*, 99 F.R.D. 607, 610 (D.C.C. 1983) (allowing intervenor with facially similar interests to existing parties to intervene; reasoning that there may come a time in the action where interests diverge and representation becomes inadequate).

Here, Plaintiffs ask this Court to deny NWMA's and AMA's motion based solely upon their contention that NWMA, AMA, and existing intervenors share the same overall point of

view – "to argue in favor of the two challenged Interior Department mining and millsite claim regulations at issue in this case." (Pls.' Resp. 3.) Like the court in *N.R.D.C*, this Court must look beyond Plaintiffs' generalization and address the special interests of NWMA and AMA.

**1. NWMA and AMA members' interests are particularized and distinct from those NMA represents**

Plaintiffs acknowledge the possibility that specific interests of NWMA and AMA are different from that of NMA and existing intervenors. (*See* Pls.' Resp. 3.) NMA is a national trade association. Most of the mining companies that are NMA members have properties with discoveries of valuable mineral deposits from which minerals are being produced. NMA's dues structure for mining company members is based primarily on a company's annual mineral production. NMA's online membership application form does not list either "prospecting" or "exploration" in the checklist of "category(ies) that applies to your business". NMA Membership, http://www.nma.org/about/membership_form.asp (last visited Jan. 13, 2010). Moreover, NMA does not have a membership category for individuals. *See id.*; *see also* Declaration of L. Skaer, Executive Director of NWMA, Exhibit 1 at 2. NMA describes itself as the "voice of the American mining industry." NMA Info, http://www.nma.org/about/default.asp (last visited Jan. 13, 2010). NMA "represents the mining industry as a whole, not the individual interests of one or some of its members." (NMA's Reply in Supp. of Mot. for Leave to Intervene as Party Def. 4.) [1]

---

[1] Plaintiffs' unsupported contention that NWMA and AMA are members or somehow related to NMA on the basis of hyperlinks to NWMA's and AMA's websites does not equate to identical interests that support adequate representation by NMA. *Cf. Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Commission*, 578 F.2d 1341 (10th Cir. 1978) (holding that while a mining trade organization's interests might have appeared similar to an individual mining entity, the possibility of divergence of interests, though remote, justified intervention of trade organization).

While NMA is the voice of the mining industry, NWMA and AMA serve as national voices for individuals and small businesses engaged in prospecting and exploration for mineral deposits on public and National Forest System lands. For its part, AMA "works to promote the mining industry in Alaska. AMA advocates the development and use of Alaska's mineral resources to provide an economic base for the State." Alaska Miners Association, http://www.alaskaminers.org/index.html (last visited Jan. 8, 2010). Thus, AMA's more parochial interests differ substantially from NMA's broader interests and other intervenors' focused interests on their own business concerns.

NWMA members include many individuals and small companies throughout western states actively involved in prospecting, exploring, mining and reclamation, and mine closure activities. *See* Skaer Decl. Ex. 1 at 2. Distinct from NMA, a majority of its membership is comprised of entities that focus on prospecting and exploration or companies that supply goods and services to companies engaged in prospecting and exploration activities. Many NWMA members have business models that focus solely on exploring for mineral deposits which can be sold or optioned to others for development of the discovered deposits into operating mines. *Id.* These individuals and small businesses may be put completely out of business if Plaintiffs prevail in modifying the Mining Law in this case by injecting uncertainty in or eliminating the continuum of pre-discovery rights as funding for their pre-discovery exploration activities likely will cease.

Many of NWMA's 1,800 members and AMA's 1,200 members are involved with the pre-production phases early in the mineral lifecycle.[2] In contrast, many NMA members are

---

[2] As discussed in the NWMA's and AMA's Motion, any overlap in membership between NWMA/AMA and NMA is minimal and insignificant and does not represent a distinction to NWMA's and AMA's specific interests. *See* NWMA's and AMA's Memo. in Supp. of Mot. for

engaged in the post-discovery phases of the mineral lifecycle and operate mines that are producing minerals. Although some NMA members are large companies engaged in exploration as well as mineral development and production, NMA may not provide the same perspective as NWMA and AMA whose members are mainly individuals and small businesses engaged primarily in prospecting and exploration.

NMA's stated interest in this action is not to ensure that individual mining operations can continue to operate, but rather NMA "represents a wider variety of interests in upholding the validity of challenged rules." (NMA's Reply in Supp. of Mot. for Leave to Intervene as Party Def. 4.)[3] Based on its broad interests, NMA is situated somewhat differently in this case than NWMA and AMA and may adopt a position that does not fully address the focus of NWMA and AMA members' concerns.

Pre-discovery exploration activities make up the very heart and soul of NWMA and AMA members' businesses and they will not survive without continuous pre-discovery rights to occupy and use public lands as permitted under Section 21 of the Mining Law. Because many of NMA's members have mineral producing properties, NMA may be willing to seek a resolution that may not address all of the concerns of the individuals and small businesses that do not have

---

Leave to Intervene as Party Defs. 1, 16, 17. While NMA's membership includes many large mineral producers, the overwhelming majority of NWMA and AMA members are not served by NMA. Of NWMA's 1,800 members, only 36 also belong to NMA. NWMA's and AMA's Memo. in Supp. of Mot. for Leave to Intervene as Party Defs. 1. Of NWMA's 36 common members, only 15 are involved in locatable mineral production. Skaer Decl. Ex. 1 at 2. The remaining common members are consultants, law firms, suppliers, a phosphate company, and a coal company. *Id.* Similarly, AMA's diverse membership of more than approximately 1,200 includes only eight large mining companies that are also members of NMA. NWMA's and AMA's Memo. at 1. The Rosemont Project, one of the proposed mining projects singled out in the Complaint, is owned by Augusta Resource Corporation, which is a member of NWMA but not of NMA.

[3] The *N.R.D.C.* case provides authority that shared interests in the promulgation of lawful regulations between existing parties and proposed intervenor do not support that representation would be adequate. *See N.R.D.C.*, 561 F.2d at 912.

mineral producing properties that comprise a significant proportion of NWMA's and AMA's memberships. *Cf. Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Commission*, 578 F.2d 1341, 1345-46 (10th Cir. 1978) (addressing divergence of interests regarding environmental impact statements and potential prospective application of regulation). Any possibility that NMA's interests are at odds with those of NWMA and AMA equates to inadequate representation. *N.R.D.C.*, 561 F.2d at 912-13.

Based on the forgoing, the possibility that interests of NWMA and AMA will be different is undeniably present. Because the possibility of divergence need not be great in order to satisfy the burden of inadequate representation, intervention of NWMA and AMA is proper as of right. *Id.* at 1346. Additionally, NWMA and AMA's distinct approach will lead to a more informed decision by the Court given that the very lifeblood of their businesses is at stake – their continuous right under Section 22, upon which they have relied for over a century, to use and occupy public lands for prospecting, exploration, and other uses reasonably incident thereto.

**2. NWMA and AMA provide the Court with the unique perspective of its diverse membership and expertise associated with the pre-discovery rights and economic impact to its members.**

In their Motion, NWMA and AMA present the unique perspective of their members involved in pre-discovery activities. While labeled "intervention of right," courts retain a measure of judicial discretion regarding adequacy of representation. *See Fund for Animals Inc. v. Norton*, 322 F.3d 728, 732 (2003). In the Second Circuit, proposed intervenors' unique interests or expertise is a factor that may warrant intervention as of right. *See New York Public Interest Research Group, Inc. v. Regents of the University of the State of New York*, 516 F.2d 350, 352 (2nd Cir. 1975) (allowing intervention where "there is a likelihood that intervenor will

make a more vigorous presentation of the economic side of the argument" than would existing parties).[4]

NWMA and AMA's position in the mining industry is unique for its representation of individuals and small businesses involved with prospecting and exploration that are not members of NMA nor represented by existing intervenors. While a finding for the Plaintiffs would adversely affect all mining industry sectors, a finding for the Plaintiffs would impact NWMA and AMA members who are involved in the initial phases of exploration differently than it would impact NMA members and other existing intervenors that are mineral producers. The Court's consideration of NWMA and AMA members' substantial reliance on pre-discovery rights would lead to a more informed decision by the Court and a vigorous and thorough presentation of important issues in this case.

### B. Answers and Affirmative Defenses Do Not Support Identity of Interests Between NWMA, AMA, and Existing Intervenors

Plaintiffs' reliance on the proposed Answer of NWMA and AMA to support identity of interests is misplaced. Plaintiffs do not contend that the specific interests of NWMA, AMA, and existing intervenors are identical. (*See* Pls.' Resp. 3.) Instead, Plaintiffs rely on their own generalization that "NWMA/AMA have submitted almost identical Answers and Affirmative Defenses in support of challenged regulations." (Pls.' Resp. 3.)

General rules of pleading require only that a responding party state its defenses in short and plain terms and admit or deny the allegations asserted against it by an opposing party. FED. R. CIV. P. 8(b)(1). In accordance with Rule 8, the proposed Answer of NWMA and AMA

[4] The D.C. Circuit has cited favorably to the reasoning of the Second Circuit - that despite a coincidence of interests, intervention is favored where an intervenor provides a helpful supplement to defense. *See N.R.D.C.*, 561 F.2d at 912, *distinguished by Environmental Defense Fund, Inc. v. Costle,* 79 F.R.D. 235, 242-43 (D.D.C. 1978) (based upon facts involving adequate representation by government and not applicable to this case).

simply provides notice of their position and does not adequately reflect the substantive arguments that NWMA and AMA will advance on the merits. [5] Similarly, Answers submitted by existing intervenors do not provide enough specific facts to conclude that NWMA and AMA have identical interests.

## II. Permissive Intervention Should Be Granted

Plaintiffs do not dispute that the Motion of NWMA and AMA was timely and the claims and defenses therein share a common question of law or fact with the main action. F.R.C.P. 24(b)(2). Plaintiffs simply restate that the interests of NWMA and AMA are adequately represented. Through their Motion and this Reply, NWMA and AMA have presented facts that support a divergence of interests from those currently represented in this action.

Previously, this Court allowed intervention of NMA to contribute a large nationwide perspective and Barrick and Round Mountain to provide focused perspectives related to their particular operations. NWMA and AMA will contribute a different perspective related to individuals and small businesses that are engaged in the early stages of the mineral lifecycle and who may be put out of business entirely if Plaintiffs prevail in this case. For this reason, NWMA and AMA should be granted status as intervenors whose interests are related to but distinct from the other mining intervenors.

The perspectives of NWMA and AMA are not redundant, duplicative, nor cumulative, but necessary for a more informed decision on the merits. It is in the interests of justice that this Court permit NWMA and AMA to participate as parties in this case; if not as of right, then permissively.

---

[5] "Notice pleading papers are not likely to be of significant import in most civil actions, because they will usually be superseded by such devices as pretrial conference orders, under Rule 16(e), and by evidence produced at trial under Rule 15(b)." 2 *Moore's Federal Practice*, § 8App.01[1] (Matthew Bender 3d ed.)

## CONCLUSION

For the foregoing reasons, NWMA's and AMA's motion to intervene should be granted.

Dated: January 14, 2010

Respectfully submitted,

*/s/ Richard H. Bryan*

Richard H. Bryan (D.C. Bar No. 479676)
Laura Granier (pending *pro hac vice* admission)[6]
Lionel Sawyer & Collins
50 W. Liberty Street, Suite 1100
Reno, Nevada 89501
Telephone: 775-788-8666
Facsimile: 775-788-8682

Attorneys for Proposed Intervenors Northwest Mining Association and Alaska Miners Association, Inc.

[6] Ms. Granier is a member of the Nevada State Bar (NSB No. 7357). Ms. Granier will be applying for *pro hac vice* admission to this Court pursuant to LCvR 83.2(c)(1).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 14, 2010, the foregoing document was duly served on the following parties who have appeared in this action by the method of service noted below:

| | |
|---|---|
| Edward S. Scheideman<br>Roger Flynn<br>Jeffrey C. Parsons<br><br>*Attorneys for Plaintiffs Earthworks, High Country Citizens' Alliance, Great Basin Resource Watch, Save the Scenic Santa Ritas, and Western Shoshone Defense Project* | Via Clerk entered CM/ECF |
| R. Timothy McCrum<br>J. Michael Klise<br><br>*Attorneys for Intervenor National Mining Association* | Via Clerk entered CM/ECF |
| Stephen A. Fennell<br>Jeffrey E. McFadden<br>John P. Nolan<br>Jim B. Butler<br><br>*Attorneys for Barrick North America Holding Corp. and ABX Financeco Inc.* | Via Clerk entered CM/ECF |
| John S. Irving , IV<br>Steven R. Milch<br><br>*Attorneys for Round Mountain Gold Corporation* | Via Clerk entered CM/ECF |
| Gregory D. Page<br><br>*Attorney for U.S. Department of the Interior, U.S. Department of Agriculture, U.S. Bureau of Land Management, U.S. Department of Justice, U.S. Forest Service, U.S. Attorney for the District of Columbia* | Via Clerk entered CM/ECF |

/s/ Richard H. Bryan
Richard H. Bryan