UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EARTHWORKS; | ) | |
| HIGH COUNTRY CITIZENS' ALLIANCE; | ) | |
| GREAT BASIN RESOURCE WATCH; | ) | |
| SAVE THE SCENIC SANTA RITAS; AND | ) | |
| WESTERN SHOSHONE DEFENSE PROJECT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-01972 (HHK) |
| | ) | |
| U.S. DEPARTMENT OF THE INTERIOR; | ) | |
| KENNETH SALAZAR, SECRETARY OF THE | ) | |
| INTERIOR; | ) | |
| U.S. DEPARTMENT OF AGRICULTURE; | ) | |
| THOMAS VILSACK, SECRETARY OF | ) | |
| AGRICULTURE | ) | |
| U.S. BUREAU OF LAND MANAGEMENT; AND | ) | |
| U.S. FOREST SERVICE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Answering specifically the numbered paragraphs of plaintiff's Complaint for

Declaratory and Injunctive Relief ("complaint"), federal defendants, the U.S. Department of

the Interior ("Interior") and the U.S. Forest Service ("Forest Service"), hereby admit, deny,

and allege as follows:

1.   Because the allegations in paragraph 1 attempt to characterize either

plaintiffs' lawsuit or their litigation goals, they require no response.

2.   Because the allegations in paragraph 2 are legal conclusions, they require

1

no response.

3.  Because the allegations in paragraph 3 attempt to characterize either plaintiffs' lawsuit or their litigation goals, they require no response.

4.  Paragraph 4 is denied.  Federal defendants also aver that the Forest Service manages National Forest System lands.

5.  Paragraph 5 is denied.

6.  Federal defendants deny the allegations in the first sentence and also deny that regulations challenged in the "Mineral Policy Center" were promulgated at "36 CFR Subpart 3809."  To the extent that the remaining allegations in paragraph 6 purport to construe, paraphrase, or quote language from the federal district court decision specified therein ("Mineral Policy Center"), federal defendants respectfully refer the Court to the language of Mineral Policy Center for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

7.  To the extent that the allegations in paragraph 7 purport to construe, paraphrase, or quote language from Mineral Policy Center, federal defendants respectfully refer the Court to the language of for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

8.  Paragraph 8 is denied.

9.  To the extent that the allegations in the first sentence purport to construe, paraphrase, or quote language from a federal regulation, federal defendants respectfully refer the Court to the language of that regulation for a true statement of its contents.  To the extent

that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Because of plaintiffs' failure to provide precise definitions for the phrases "[i]n practice" and "agency manuals and policies," federal defendants (1) have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 and (2) also incorporate in this paragraph their responses to paragraphs 92, 93, 120, 122, 123, 129, and 130 below.

10. Paragraph 10 is denied.

11. Federal defendants admit the allegations in the first sentence and deny the remaining allegations in paragraph 11.

12. Paragraph 12 is denied.

13. To the extent that the allegations in the first and third sentences purport to construe, paraphrase, or quote language from either a federal regulation or the Minerals Policy Center decision, federal defendants respectfully refer the Court to the language of those authorities for a true statement of its contents. To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Federal defendants deny the remaining allegations in paragraph 13

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. To the extent that the allegations in paragraph 16 purport to construe, paraphrase, or quote language from a Federal Register notice, federal defendants respectfully refer the Court to the language of that regulation for a true statement of its contents. To the

extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

17.  Paragraph 17 is denied.

18.  Paragraph 18 is denied.

19.  Paragraph 19 is denied.

20.  Because the allegations in paragraph 20 attempt to characterize either plaintiffs' lawsuit or their litigation theories, they require no response.

21.  Paragraph 21 is denied.

22.  Paragraph 22 is denied.

23.  Because the allegations in paragraph 23 are legal conclusions, they require no response.

24.  Because the allegations in paragraph 24 are legal conclusions, they require no response.

25.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 25.

26.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second sentence and deny the remaining allegations in paragraph 26.

27.  Federal defendants deny the allegations in the first sentence and have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 27.

28.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 28.

29.  Federal defendants deny the allegations in the first sentence and have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 29.

30.  Federal defendants deny the allegations in the first, second, and third sentences and have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 30.

31. To the extent that the allegations in the allegations in paragraph 31 purport to construe, paraphrase, or quote language from letters written by or sent to plaintiffs, federal defendants respectfully refer the Court to the language of those letters for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Interior and the Forest Service also aver that the letter sent to plaintiffs described a decision to comply with <u>Mineral Policy Center</u> and all applicable statutes, not violate them.

32.  To the extent that the allegations in the allegations in paragraph 32 purport to construe, paraphrase, or quote language from letters written by or sent to members of Congress, federal defendants respectfully refer the Court to the language of those letters for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Interior and the Forest Service also aver that the letter sent to Congress described a decision to comply with <u>Mineral Policy Center</u>

and all applicable statutes, not violate them.

33. Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence. Federal defendants also aver that no proposal to develop the Mt. Emmons mine has been submitted to the Forest Service. Interior and the Forest Service deny the remaining allegations in paragraph 33.

34. Federal defendants admit the allegations in the fourth sentence. Interior and the Forest Service have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 34, except that the phrase "adverse impacts of hardrock mining" constitutes characterization and argument not requiring a response.

35. Federal defendants deny the allegations in the second sentence and have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 35.

36. Federal defendants deny the allegations in the second sentence and have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 36.

37. Federal defendants admit the allegations in the first and fifth sentences and deny the allegations in the second sentence. They also admit the allegations in the third and fourth sentences of paragraph 37, except that (1) the "cyanide leaching" process to which plaintiffs refer would be limited to the measures necessary to extract gold from valuable gold deposits and (2) the mining activities specified therein would occur on mining or mill site

claims located on the public lands under the Mining Law.

38.  Federal defendants deny the allegations in the first and third sentences. Federal defendants admit the remaining allegations in paragraph 38 and also aver that no mining or related activities would be authorized under federal law on the federal lands corresponding to either invalid mining claims or invalid mill site claims.

39. Paragraph 39 is denied, except that federal law prohibits using public lands for mining or related activities where those activities correspond to either invalid mining claims or invalid mill site claims.

40.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the fourth sentence.  Interior and the Forest Service deny the remaining allegations in paragraph 40.

41.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 41, except that the phrase "degradation due to mining activities" constitutes characterization and argument not requiring a response.

42.  Federal defendants (a) deny the allegations in the first and third sentences and (b) have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 42.

43.  Federal defendants (a) deny the allegations in the first, second, and third sentences and (b) have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 43.

44.  To the extent that the allegations in paragraph 44 purport to construe, paraphrase, or quote language from letters written by or sent to the Forest Service, federal defendants respectfully refer the Court to the language of those letters for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.  Interior and the Forest Service also aver that the letter sent by the Forest Service described a decision to comply with <u>Mineral Policy Center</u> and all applicable statutes, not violate them

45. Federal defendants deny the allegations in the third sentence.  To the extent that the remaining allegations in paragraph 45 purport to construe, paraphrase, or quote language from a letter described therein, federal defendants respectfully refer the Court to the language of that letter for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

46.  Federal defendants admit the allegations in the first sentence, except that the Forest Service manages National Forest System lands.  Interior and the Forest Service deny the remaining allegations in paragraph 46.

47.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 47.

48.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first and third sentences and deny the remaining allegations in paragraph 48.

49. Federal defendants (a) have insufficient knowledge or information to form

a belief as to the truth or falsity of the allegations in the fourth sentence and (b) deny the remaining allegations in paragraph 49.

50.  Paragraph 50 is denied.

51.  Paragraph 51 is denied.

52.  Paragraph 52 is denied.

53.  Paragraph 53 is denied.

54.  Paragraph 54 is denied.

55.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 55.

56.  Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 56, except that at least some of the organizations associated with plaintiffs submitted comments in the rulemaking proceedings to which plaintiffs refer.

57.  Paragraph 57 is denied.

58.  Paragraph 58 is denied.

59.  Paragraph 59 is admitted.

60.  Because the allegations in paragraph 60 are legal conclusions, they require no response.

61.  To the extent that the allegations in paragraph 61 purport to construe, paraphrase, or quote language from federal statutes or case law interpreting and applying those statutes, federal defendants respectfully refer the Court to the language of both those

statutes and applicable case law for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

62.  Paragraph 62 is admitted.

63.  Paragraph 63 is admitted.

64.  Paragraph 64 is admitted.

65.  Federal defendants deny the allegations in paragraph 65 and also aver that (a) the Forest Service manages National Forest System lands, not "public lands" per se and (b) federal laws ordinarily referred to as "public land laws" are not generally applicable to either National Forest System lands or any other lands administered by the Forest Service.

66.  Paragraph 66 is admitted, except that the Forest Service manages National Forest System lands.

67.  Paragraph 67 is admitted.

68.  Paragraph 68 is admitted, except that the Forest Service manages National Forest System lands.

69. Because the allegations in paragraph 69 are legal conclusions, they require no response.

70.  To the extent that the allegations in paragraph 70 purport to construe, paraphrase, or quote language from federal statutes or federal regulations, federal defendants respectfully refer the Court to the language of both those authorities for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

71.  To the extent that the allegations in paragraph 71 purport to construe, paraphrase, or quote language from the federal documents and federal notices specified therein, federal defendants respectfully refer the Court to the language of those writings for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

72.  Paragraph 72 is admitted.

73.  Paragraph 73 is admitted.

74.  Paragraph 74 is admitted.

75.  Paragraph 75 is admitted.

76.  Paragraph 76 is admitted.

77.  Paragraph 77 is admitted.

78.  Paragraph 78 is admitted.

79.  Paragraph 79 is admitted.

80.  To the extent that the allegations in paragraph 80 purport to construe, paraphrase, or quote language from Mineral Policy Center, federal defendants respectfully refer the Court to the language of that decision for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

81.  To the extent that the allegations in paragraph 81, purport to construe, paraphrase, or quote language from the memoranda specified therein, issued by Interior's Solicitor, federal defendants respectfully refer the Court to the language of this memoranda

for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

82.  To the extent that the allegations in paragraph 82, purport to construe, paraphrase, or quote language from either <u>Mineral Policy Center</u> or the Interior memorandum specified therein, federal defendants respectfully refer the Court to the language of this federal case and Interior memorandum for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

83. Federal defendants admit the allegations in the first sentence. To the extent that the remaining allegations in paragraph 83 purport to construe, paraphrase, or quote language from <u>Mineral Policy Center</u> or the Interior memoranda specified therein, federal defendants respectfully refer the Court to the language of this federal case and this Interior memoranda for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

84.  To the extent that the allegations in paragraph 84, purport to construe, paraphrase, or quote language from the existing U.S. Department of Agriculture memorandum specified therein, federal defendants respectfully refer the Court to the language of this memorandum for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

85.  To the extent that the allegations in paragraph 85, purport to construe, paraphrase, or quote language from testimony to Congress, federal defendants respectfully refer the Court to the language of this testimony for a true statement of its contents.  To the

extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

86. Paragraph 86 is denied.

87. Federal defendants deny the allegations in the second sentence. To the extent that the remaining allegations in paragraph 87 purport to construe, paraphrase, or quote language from Mineral Policy Center or the Federal Register notice specified therein, federal defendants respectfully refer the Court to the language of this federal case and this notice for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

88. Federal defendants admit that the 2008 rule to which plaintiffs refer has not been revised since its promulgation.  To the extent that the remaining allegations in paragraph 88 purport to construe, paraphrase, or quote language from Mineral Policy Center or the federal regulation specified therein, federal defendants respectfully refer the Court to the language of this federal case and regulation for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

89. Federal defendants deny the allegations in the first and second sentences. To the extent that the remaining allegations in paragraph 89 purport to construe, paraphrase, or quote language from Mineral Policy Center, federal defendants respectfully refer the Court to the language of this federal case and this notice for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants

deny them.

90.   To the extent that the allegations in paragraph 90 purport to construe, paraphrase, or quote language from the federal regulation specified therein, federal defendants respectfully refer the Court to the language of this regulation for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

91.   Paragraph 91 is denied.

92.   Federal defendants deny the allegations in the first sentence.  To the extent that the remaining allegations in paragraph 92 purport to construe, paraphrase, or quote language from an Interior manual, federal defendants respectfully refer the Court to the language of that document for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

93.   Federal defendants deny the allegations in the first sentence.  To the extent that the remaining allegations in paragraph 93 purport to construe, paraphrase, or quote language from an Interior manual, federal defendants respectfully refer the Court to the language of that document for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

94.   Because the allegations in paragraph 94 are legal conclusions, they require no response.

95.   Paragraph 95 is admitted, except that the review of patent applications under the Mining Law began generally in 1993, not March 1993.

96.  Paragraph 96 is admitted.

97.  To the extent that the allegations in paragraph 97 purport to construe, paraphrase, or quote language from the Interior memorandum specified therein, federal defendants respectfully refer the Court to the language of this memorandum for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

98.  Because of plaintiffs' failure to provide precise definitions for the phrase "generated controversy," federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence.  To the extent that the remaining allegations in paragraph 98 purport to construe, paraphrase, or quote language from a federal law, federal defendants respectfully refer the Court to the language of that law for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

99. Federal defendants admit the allegations in the first sentence. To the extent that the remaining allegations in paragraph 99 purport to construe, paraphrase, or quote language from the proposed regulations in the Federal Register specified therein, federal defendants respectfully refer the Court to the language of these proposed regulations for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

100.  To the extent that the allegations in paragraph 100 purport to construe, paraphrase, or quote language from the proposed regulations in the Federal Register specified

therein, federal defendants respectfully refer the Court to the language of these proposed regulations for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

101.  To the extent that the allegations in paragraph 101 purport to construe, paraphrase, or quote language from the Interior memorandum specified therein, federal defendants respectfully refer the Court to the language of this memorandum for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.  Interior also avers that neither federal law nor applicable administrative policies required or require public notice for this Interior memorandum.

102.  To the extent that the allegations in paragraph 102 purport to construe, paraphrase, or quote language from the federal regulation specified therein, federal defendants respectfully refer the Court to the language of this regulation for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

103.  Paragraph 103 is denied.

104.  Federal defendants deny the allegations in the first and third sentences. To the extent that the remaining allegations in paragraph 104 purport to construe, paraphrase, or quote language from the Federal Register language specified therein, federal defendants respectfully refer the Court to this language for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

105.   Paragraph 105 is admitted, except that Interior published its 2003 rule after considering the public comments submitted on the 1999 proposed rule to which plaintiffs refer.

106.   Paragraph 106 is denied.  Federal defendants also aver that, on the basis of an environmental assessment and related finding of no significant impact prepared under the National Environmental Policy Act, Interior determined that the 2003 rule would not have significant environmental effects.

107.   Paragraph 107 is denied.

108.   To the extent that the allegations in paragraph 108 purport to construe, paraphrase, or quote language from the federal regulation specified therein, federal defendants respectfully refer the Court to the language of this regulation for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

109.   Paragraph 109 is denied.

110.   Paragraph 110 is denied.

111.   Paragraph 111 is denied.

112.   Paragraph 112 is denied.

113.   Federal defendants deny the allegation in the first and third sentences. To the extent that the remaining allegations in paragraph 113 purport to construe, paraphrase, or quote language from the <u>Mineral Policy Center</u> decision, federal defendants respectfully refer the Court to the language of this decision for a true statement of their contents.  To the

extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

114.   Paragraph 114 is denied.

115.   To the extent that the allegations in paragraph 115 purport to construe, paraphrase, or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

116.   Because the allegations in paragraph 116 are legal conclusions, they require no response.

117.   To the extent that the allegations in the first sentence purport to construe, paraphrase, or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Because the remaining allegations in paragraph 117 are legal conclusions, they require no response.

118.   To the extent that the allegations in the first sentence purport to construe, paraphrase, or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Because the remaining allegations in paragraph 118 are legal conclusions, they require no response.

119. Paragraph 119 is denied.

120. Paragraph 120 is admitted.

121. To the extent that the allegations in paragraph 121 purport to construe, paraphrase, or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

122. To the extent that the allegations in paragraph 122 purport to construe, paraphrase, or quote language from a Forest Service manual, federal defendants respectfully refer the Court to the language of that document for a true statement of its contents. To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

123. To the extent that the allegations in paragraph 123 purport to construe, paraphrase, or quote language from a Forest Service manual, federal defendants respectfully refer the Court to the language of that document for a true statement of its contents. To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

124. Paragraph 124 is denied.

125. Because the allegations in paragraph 125 are legal conclusions, they require no response.

126. Because the allegations in paragraph 126 are legal conclusions, they require no response.

19

127.  To the extent that the allegations in paragraph 127 purport to construe, paraphrase, or quote language from the <u>Mineral Policy Center</u> decision, federal defendants respectfully refer the Court to the language of this decision for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

128.  Because the allegations in the first and third sentences are legal conclusions, they require no response.  To the extent that the allegations in the second sentence purport to construe, paraphrase, or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.  Interior and the Forest Service deny the remaining allegations in paragraph 128.

129.  To the extent that the allegations in the second and third sentences purport to construe, paraphrase, or quote language from either the <u>Mineral Policy Center</u> decision or a Forest Service manual, federal defendants respectfully refer the Court to the language of this decision and this manual for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Because the remaining allegations in paragraph 129 are legal conclusions, they require no response.

130.  To the extent that the allegations in paragraph 130 purport to construe, paraphrase, or quote language from a Forest Service manual, federal defendants respectfully

20

refer the Court to the language of that manual for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

131.  Because the allegations in paragraph 131 are legal conclusions, they require no response.

132.  Because the allegations in paragraph 132 are legal conclusions, they require no response.

133.  Because the allegations in paragraph 133 are legal conclusions, they require no response.

134. To the extent that the allegations in paragraph 134 purport to construe, paraphrase, or quote language from either a federal statute or the Mineral Policy Center decision, federal defendants respectfully refer the Court to the language of these authorities for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

135.  To the extent that the allegations in paragraph 135 purport to construe, paraphrase, or quote language from the Mineral Policy Center decision, federal defendants respectfully refer the Court to the language of this decision for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

136.  To the extent that the allegations in paragraph 136 purport to construe, paraphrase, or quote language from the Mineral Policy Center decision, federal defendants

21

respectfully refer the Court to the language of this decision for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

137.  Paragraph 137 is denied.

138.  Because the allegations in the first, third, and fourth sentences are legal conclusions, they require no response.  Federal defendants also aver that 43 C.F.R. Part 2920, entitled "Leases, Permits and Easements," prescribes procedures for issuing the particular land use authorizations governed by this regulation, which are irrelevant to operations conducted under the Mining Law.  To the extent that the allegations in the second sentence purport to construe, paraphrase, or quote the Federal Register language specified therein, Interior and the Forest Service respectfully refer the Court to this language for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Federal defendants deny the remaining allegations in paragraph 138.

139.  Paragraph 139 is denied.

140.  Because the allegations in paragraph 140 are legal conclusions, they require no response.

141.  Because the allegations in paragraph 141 are legal conclusions, they require no response.

142.  Because the allegations in paragraph 142 are legal conclusions, they require no response.

143.  To the extent that the allegations in paragraph 143 purport to construe, paraphrase, or quote language from the federal regulations specified therein, federal defendants respectfully refer the Court to the language of those regulations for a true statement of their contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Interior and the Forest Service also aver that they complied with NEPA by analyzing the rules and regulations at issue here in an environmental assessment ("EA") and a related Finding of No Significant Impact ("FONSI").

144. Because the allegations in paragraph 144 are legal conclusions, they require no response.

145.  Because the allegations in paragraph 145 are legal conclusions, they require no response.

146.  Because the allegations in paragraph 146 are legal conclusions, they require no response.

147.  Because the allegations in paragraph 147 are legal conclusions, they require no response.

148.  To the extent that the allegations in paragraph 148 purport to construe, paraphrase, or quote language from D.C. Circuit case authority, federal defendants respectfully refer the Court to the language of this authority for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

149.  To the extent that the allegations in the second and third sentences

purport to construe, paraphrase, or quote language from D.C. Circuit case authority, federal defendants respectfully refer the Court to the language of this authority for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them. Because the remaining allegations in paragraph 149 are legal conclusions, they require no response.

150.  Federal defendants deny the allegations in the second sentence. To the extent that the remaining allegations in paragraph 150 purport to construe, paraphrase, or quote language from a federal regulation, federal defendants respectfully refer the Court to the language of that regulation for a true statement of its contents.  To the extent that plaintiffs' allegations are inconsistent with this language, federal defendants deny them.

151.  Paragraph 151 requires no response, but federal defendants incorporate all previous answers by reference.

152.  Paragraph 152 is denied.

153.  Paragraph 153 is denied.

154.  Paragraph 154 is denied.

155.  Paragraph 155 requires no response, but federal defendants incorporate all previous answers by reference.

156.  Paragraph 156 is denied.

157.  Paragraph 157 is denied.

158.  Paragraph 158 requires no response, but federal defendants incorporate all previous answers by reference.

159.   Paragraph 159 is denied.

160.   Paragraph 160 is denied.

161.   Paragraph 161 is denied.

162.   Paragraph 162 requires no response, but federal defendants incorporate all previous answers by reference.

163.   Paragraph 163 is denied.

164.   Paragraph 164 is denied.

165.   Federal defendants deny each and every allegation of plaintiffs' complaint not otherwise expressly admitted, qualified, or denied by this answer. To the extent that any allegations in this complaint remain unanswered, federal defendants deny such allegations.

## AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

**WHEREFORE**, federal defendants respectfully pray the Court:

1.   For an order dismissing plaintiffs' complaint.

2.   For such other and further relief, including costs and attorney fees, as is deemed just and proper by this Court.

Respectfully submitted,

*/s/ Gregory D. Page*
GREGORY D. PAGE, DC Bar 398121
U.S. Department of Justice
Environment and Natural Resources Section
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0446

OF COUNSEL:
BARBARA FUGATE, ESQ.
KENDRA NITTA, ESQ.
Office of the Solicitor
U.S. Department of the Interior

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served on 30 March 2010 by electronic filing to :

Edward S. Scheideman
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004

Roger Flynn
Jeffrey C. Parsons
WESTERN MINING ACTION PROJECT
P.O. Box 349
440 Main Street, #2
Lyons, Colorado 80540

R. Timothy McCrum
Crowell and Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595

Steven R. Milch
Crowley Fleck PLLP
P.O. Box 2529
Billings, Montana 59103-2529


*/s/ Gregory D. Page*
GREGORY D. PAGE