UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARTHWORKS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>U.S. DEPARTMENT OF THE<br>INTERIOR, et al.,<br><br>　　　　　Defendants. | Civil Action 09-01972  (HHK) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion to intervene filed by the Northwest Mining Association and Alaska Miners Association (collectively "Associations") [#21]. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion shall be granted but the Associations shall be required to submit joint motions and memoranda with the existing mining association intervenors.

I

In this action, Earthworks, High Country Citizens' Alliance, Great Basin Resource Watch, Save the Scenic Santa Ritas, and Western Shoshone Defense Project (collectively "plaintiffs") challenge two rules[1] regarding mining claims and mining sites promulgated by defendant federal agencies the Department of the Interior, Bureau of Land Management, Department of Agriculture, and Forest Service. If plaintiffs are successful in this suit, using

---

[1] These rules are "Mining Claims Under the General Mining Laws," 73 Fed. Reg. 73,789-794 (Dec. 4, 2008), and "Locating, Recording, and Maintaining Mining Claims or Sites," 68 Fed. Reg. 61,046-81 (Oct. 24, 2003).

federal lands for mining operations would become more expensive and the amount of federal land a person or company could claim for mining would become more restricted.

On December 22, 2009, the Court granted motions to intervene as defendants filed by Barrick North America Holding Corporation, ABX Financeco Inc., National Mining Association, and Round Mountain Gold Corporation (collectively "Intervenors") [#22].  Each party represents the interests of participants in the mining industry, and the Court determined that they were entitled to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure.  The Court's order required these parties to submit joint motions and memoranda in this case.

II

Now before the Court is an additional motion to intervene as defendants by the Associations.  They seek to intervene as of right, or, in the alternative, by permissive intervention.  Rule 24(a) of the Federal Rules of Civil Procedure, "[i]ntervention of right," provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  Rule 24(b) provides that a court may allow permissive intervention where a party "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).

Plaintiffs do not contest that the Associations meet the requirements of Rule 24(a)(2) that the motion be timely and that the movant have a protectable interest in the subject of the action. They oppose the Association's motion because, they argue, existing parties—the

Intervenors—adequately represent the Associations' interests. The Associations respond that unlike the Intervenors, which are or which represent large mining companies, their membership is composed nearly exclusively of individuals and small companies that focus on prospecting and exploration rather than the operation of mines.

Plaintiffs have the better argument. The Associations have not explained how the size of their member companies or those companies' participation in a preliminary stage of mining operations renders their interests in regard to the agency rules at issue in this case distinguishable from those of large mining companies. They even concede in their briefing that some of those large mining companies also engage in exploration of new mining sites. Therefore, the Court concludes that the Associations' interests are adequately represented and they are not entitled to intervention as of right.

Nevertheless, because the Associations have an interest in keeping the agencies' rules in place and therefore have a "defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B),[2] the Court will allow permissive intervention. In order to prevent excessive briefing in this case, however, the Associations must submit joint motions and memoranda with the existing Intervenors.

---

[2] Pursuant to Rule 24(b)(3), the Court has considered whether intervention by the Associations would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Because this case is still at a preliminary stage and because the Court will require the Associations to submit joint briefing with the other Intervenors, no delay or prejudice will result from the Court's order.

III

For the foregoing reasons, it is this 3rd day of August 2010, hereby

**ORDERED** that the motion to intervene [#21] is **GRANTED**; and it is further

**ORDERED** that the Northwest Mining Association and Alaska Miners Association shall submit joint motions and memoranda with Barrick North America Holding Corporation, ABX Financeco Inc., National Mining Association, and Round Mountain Gold Corporation in the course of briefing this case.

Henry H. Kennedy, Jr.<br>
United States District Judge