UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EARTHWORKS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants. | Civil Action 09-01972  (HHK) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the "Motion to Intervene as a Party Defendant" of the State of Alaska [#35]. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion shall be granted subject to the restriction described below.

I

In this action, Earthworks, High Country Citizens' Alliance, Great Basin Resource Watch, Save the Scenic Santa Ritas, and Western Shoshone Defense Project (collectively "plaintiffs") challenge two rules[1] regarding mining claims and mining sites promulgated by defendant federal agencies the Department of the Interior, Bureau of Land Management, Department of Agriculture, and Forest Service (collectively "federal defendants"). On December 22, 2009, the Court granted motions to intervene as defendants filed by Barrick North America Holding Corporation and ABX Financeco Inc., National Mining Association, and Round Mountain Gold Corporation [#22]. Each party represents the interests of participants in the

---

[1] These rules are "Mining Claims Under the General Mining Laws," 73 Fed. Reg. 73,789-794 (Dec. 4, 2008), and "Locating, Recording, and Maintaining Mining Claims or Sites," 68 Fed. Reg. 61,046-81 (Oct. 24, 2003).

mining industry, and the Court determined that they were entitled to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure. The Court's order required these parties to submit joint motions and memoranda in this case. Today, the Court also grants the motion to intervene of Northwest Mining Association and Alaska Miners Association. Those parties must also submit joint motions and memoranda with the existing intervenor-defendants.

II

Alaska moves to intervene as of right, or, in the alternative, by permissive intervention. Rule 24(a) of the Federal Rules of Civil Procedure, "[i]ntervention of right," provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Plaintiffs do not contest that Alaska meet the requirements of Rule 24(a)(2) that the motion be timely and that the movant have a protectable interest in the subject of the action. They oppose the Association's motion because, they argue, existing parties adequately represent the Associations' interests. Specifically, they assert that the federal defendants "will represent the broad public governmental interest of its citizens (including Alaskans)" and the intervenor-defendants will "represent[] the economic interests in developing mineral resources on public lands in Alaska." Pls.' Opp'n to Mot. to Intervene at 4. Alaska responds that the federal defendants "do not share the State's interest in protecting Alaska jobs, promoting economic development in Alaska, or developing natural resources on state land" and the intervenor-

defendants "have no duty with respect to Alaska's natural resources, environment, or residents." Reply to Pls.' Opp'n to Mot. to Intervene at 3.

The Court agrees with Alaska. The D.C. Circuit has directed that the burden on a party seeking intervention to demonstrate inadequate representation "is not onerous" and requires only a showing "that representation of [the party's] interest 'may be' inadequate, not that representation will in fact be inadequate." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). Because Alaska's interests in the natural resources within state borders and the economic effects on the state of mining regulation are not necessarily represented by federal agencies or private companies, the Court concludes that Alaska has met its burden of showing that its interests may not be adequately represented.

The Court is wary of excessive briefing in this case, however, and will therefore grant a request by plaintiffs to limit Alaska's participation in it. Accordingly, Alaska shall consult with the federal defendants and intervenor-defendants as this case proceeds and may only present to the Court arguments that those other parties do not advance.

III

For the foregoing reasons, it is this 3rd day of August 2010, hereby

**ORDERED** that Alaska's motion to intervene [#35] is **GRANTED**; and it is further

**ORDERED** that Alaska must include with any filing it submits to the Court in this case a certification that the filing does not contain arguments duplicative of those that appear in the motions or memoranda of the federal defendants or intervenor-defendants.

Henry H. Kennedy, Jr.
United States District Judge