# EXHIBIT 5

to

<u>Plaintiffs' Motion to Compel Production of Documents</u>

<u>Improperly Withheld From the Administrative Record</u>

in

<u>Earthworks, et al. v. U.S. Department of the Interior, et al.</u>

No. 1:09-cv-01972-HHK



| USDA | United States Department of Agriculture | Forest Service | Rocky Mountain Region | 740 Simms Street Golden, CO 80401 Voice: 303-275-5350 TDD: 303-275-5367 |

File Code: 1510
Date: JUL 3 2008

Honorable John T. Salazar
1531 Longworth HOB
Washington, DC 20515

Dear Representative Salazar:

Thank you for your letter of June 23, 2008 to Grand Mesa, Uncompahgre and Gunnison Forest Supervisor Charlie Richmond and Sally Wisely, Colorado State Director of the Bureau of Land Management. You have requested that mineral validity exams be conducted on the various unpatented mining and mill site claims associated with the Lucky Jack Mine on Mt. Emmons. I am responding on behalf of Forest Supervisor Richmond because the nature of your request, as noted in your letter, runs contrary to the policy of both the BLM and the Forest Service.

Forest Service policy that relates directly to your request is included in our Forest Service Manual at 2818.3 – Use of Surface Use Determinations and Validity Determinations:

> "Generally, the use of validity determinations should be limited to those rare occasions where the certified mineral examiner believes that it would be useful given the specific details of the case. Otherwise, the use of validity determinations should be limited to situations where valid existing rights must be verified where the lands in question have been withdrawn from mineral entry… or meeting Forest Service interagency agreement obligations regarding patent applications…."

This policy was reinforced as Departmental policy in an Informational Memorandum from Mark Rey, Under Secretary of Agriculture for Natural Resources and Environment, dated September 22, 2003 (see enclosure).

The unpatented mill site and mining claims at the Lucky Jack Mine do not fit the criteria identified in management direction for conducting validity examinations and making validity determinations of those claims. The National Forest System (NFS) lands that are included in the proposed Lucky Jack Project are reserved from the public domain, but remain open to mineral entry and location. Therefore, any of the current unpatented claims that might be determined to be invalid as a result of expensive and time consuming validity examinations could simply be relocated right after such a determination.



Caring for the Land and Serving People    Printed on Recycled Paper

The Forest Service is very much aware of public sensitivity and concern about the proposed Lucky Jack Mine project. We know how important it will be for the State and Federal agencies and the claimants to have a transparent and inclusive public awareness and participation process concerning all aspects of future proposals associated with this project. We are committed to such an approach, and Forest Supervisor Richmond will keep you and your staff apprised of all proposals associated with this project.

If you would like to discuss this issue in more detail, I encourage you to contact Randy Karstaedt, Director of Physical Resources for the Rocky Mountain Region, at 303.275.5374.

Sincerely,

RICK D. CABLES
Regional Forester

Enclosure

cc: Michael D Dunn



United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Colorado State Office
2850 Youngfield Street
Lakewood, Colorado 80215-7093
www.blm.gov/co/st/en.html



In Reply Refer To:
3800 (CO-921)

JUL 0 9 2008

The Honorable John T. Salazar
House of Representatives
Washington, D.C.  20515

The Honorable Mark Udall
House of Representatives
Washington, D.C.  20515

Dear Mr. Salazar and Mr. Udall:

This letter is in response to your letter dated June 27, 2008, concerning the Lucky Jack Mine project and the possibility of performing validity examinations on the associated claims.

The mining claims in question are located on Forest Service lands and as such are under the jurisdiction of the Forest Service. The Bureau of Land Management's (BLM) role is being the appropriate office to adjudicate and file copies of the official location records. These records include copies of the notice of location or certificate of location and the affidavit of assessment work or notice of intent to hold. The decision to perform a validity examination at this stage rests with the Forest Service. If the Forest Service's decision is to proceed with a validity examination, the BLM's role then becomes that of performing the final review of the validity examination report prepared by the Forest Service.

If you have any further questions about this matter feel free to contact Charlie Beecham, Chief of Solid Minerals at (303) 239-3773.

Sincerely,

Sally Wisely
State Director

cc:
Your Local Office
Charles Richmond, Forest Supervisor



United States Department of Agriculture

Office of the Secretary
Washington, D.C. 20250

INFORMATIONAL MEMORANDUM TO DALE BOSWORTH,
CHIEF OF FOREST SERVICE

FROM: Mark Rey *Mark Rey 9/22/03*
Undersecretary
Natural Resources and Environment

Subject: USDA Policy on Mining of Public Domain Mineral Estate

ISSUE:

This letter is to clarify the United States Department of Agriculture's (USDA) policy regarding the regulation on National Forests of operations reasonably necessary for mining operations on National Forest System lands reserved from public domain and open to mineral entry. The United States Department of the Interior's (USDI) Nov. 12, 1997 mill site opinion; USDI's January 18, 2001, opinion and a March 25, 1999, joint USDA/USDI letter to Battle Mountain Gold on some issues related specifically to the Crown Jewel project have caused questions to be raised about USDA policy in the application of Forest Service locatable mineral regulations 36 CFR 228 Subpart A.

DISCUSSION:

I want to affirm that none of these documents have amended or limited the application of the Forest Service's locatable mineral regulations, which remain fully in effect for all operations, regardless of whether the operations are proposed on or off mining claims. The Forest Service will conduct a timely review of proposed operations; ensure the environment is protected; verify that the operations are in compliance with the regulations; and authorize the operations on National Forest System lands reserved from public domain and open to mineral entry in accordance with the applicable regulations.

INFORMATIONAL MEMORANDUM TO DALE BOSWORTH,    2
   CHIEF OF FOREST SERVICE

## SUMMARY:

On National Forest system lands reserved from public domain and open to entry under the mining law, the Forest Service is not required to inquire into claim validity before processing and approving proposed plans of operations. Consistent with its regulations and the Surface Resources Act (30 U.S.C. 612), the Forest Service will continue to ensure proposed activities are required for and reasonably incidental to prospecting, mining, or processing operations, and ensure operations minimize adverse environmental effects to the extent feasible. Such activities will be authorized through an approved plan of operations.