**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **EARTHWORKS**, *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **U.S. DEPARTMENT OF THE** ) | |
| **INTERIOR,** *et al.*, ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| **and** ) | **No. 1:09-cv-01972-HHK/JMF** |
| ) | |
| **NORTHWEST MINING** ) | |
| **ASSOCIATION,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **ALASKA MINERS ASSOCIATION,** ) | |
| **INC.** ) | |
| ) | |
| **Intervenor-Defendants.** ) | |
| ) | |

## NORTHWEST MINING ASSOCIATION'S AND ALASKA MINERS ASSOCIATION, INC.'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD

The currently designated administrative record omits a number of documents compiled by U.S. Department of Agriculture ("DOA") and the U.S. Forest Service ("USFS") that have informed the contested actions that are at the center of this litigation. Northwest Mining Association ("NWMA") and Alaska Miners Association ("AMA," and together with NWMA, "Intervenor-Defendants"), identified nine documents (the "Omitted Documents") that were either directly or indirectly considered by Department of the Interior ("DOI") and Bureau of Land Management ("BLM") decision-makers

1

when they rendered (1) the Final Rule titled "Locating, Recording, and Maintaining Mining Claims or Sites, published on October 24, 2003 (the "2003 Millsite Rule"), or (2) the Interim Final Rule titled "Mining Claims Under the General Mining Laws," published on December 4, 2008 (the "2008 Mining Claim Rule," and together with the 2003 Millsite Rule, the "Challenged Rules") or directly respond to contested allegations in Plaintiffs' Complaint.   The Omitted Documents are necessary to fully and fairly adjudicate the issues raised in the Complaint and defend against the requested injunctive relief.

Plaintiffs seek to enjoin the Federal Defendants from "processing or authorizing any mining related operations" until DOI/BLM "revises the regulations, and ***all Defendants*** revise their policies" which Plaintiffs challenge as unlawful in this action. Among the "policies" Plaintiffs challenge is that of the USFS that it will not conduct validity examinations to allow development of claims or a validity determination relative to the requirement of payment of FMV for the use of public lands.  *See* Complaint at pp. 7-8 ¶ 21.  In addition, Plaintiffs challenge the DOA/USFS interpretation of the Mining Law's millsite provision, "as embodied in the Millsite Rule" to allow operators to utilize as many millsite claims as necessary for ancillary use.  *See* Complaint at p. 11 ¶ 33.  The Omitted Documents directly relate to these USFS policies, directly refute certain of Plaintiffs' allegations and, in some instances, are expressly referenced for consideration relative to the two DOI/BLM regulations challenged in this case.

The Omitted Documents were created by the USDA/USFS before the DOI/BLM promulgated the 2008 Mining Claim Rule.  These documents contain pre-decisional policy positions and directives of the USDA/USFS on the substance of the Challenged

2

Rules and were widely distributed among, and remain on file with, the Federal Defendants. The Omitted Documents illuminate that the USDA/USFS has independent authority to consider the reasonableness of mining operations on lands open to mineral entry. The Omitted Documents are critical to rebut the allegations made in the Plaintiffs' Complaint concerning regulation of mining operations on public lands administered by USDA/USFS particularly given that two of the three projects singled out and challenged in the Complaint, Mount Emmons and Rosemont, are located on USFS-administered lands. (*See, e.g.*, Compl. ¶¶ 4; 68.) In addition to providing a comprehensive record, the Omitted Documents should be considered as extra-record evidence to permit the Court to conduct a substantial inquiry into Plaintiffs' claims for relief and allow the Federal Defendants and Intervenor-Defendants to meaningfully respond to Plaintiffs' allegations.[1]

A.   **The Administrative Record Should Be Supplemented to Include All Materials Pertaining to the Challenged Regulation.**

The Opposition relies on too narrow an interpretation of the scope of documents that should be included in the record, arguing that only "materials before the responsible federal officials when they adopted the challenged final agency action" should be included. *Opposition* at 15 (citing out-of-circuit and district court cases). Controlling precedent in the D.C. Circuit, however, provides a much broader scope for a complete record and is clear that, although an agency enjoys the presumption that it properly designated the administrative record, the agency "does not always have the last word." *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 57 (D.D.C. 2003). "First and most basically, a complete administrative record should include all materials that 'might have

---

[1] Courts in the D.C. Circuit recognize that "an administrative record may be "supplemented" in one of two ways—either by (1) including evidence that should have been properly a part of the administrative record but was excluded by the agency, or (2) adding extra-judicial evidence that was not initially before the agency but the party believes should nonetheless be included in the administrative record." *Wildearth Guardians v. Salazar*, 670 F. Supp. 2d 1, 5 n.4 (D.D.C. 2009).

influenced the agency's decision,' and not merely those on which the agency relied in its final decision." *Amfac Resorts, LLC v. United States DOI*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001) (internal citation omitted).   Accordingly, although there is a presumption against supplementation, that may be overcome if it can be shown that the documents sought to be included in the administrative record were "directly or indirectly considered." *Id*.; *see also Pers. Watercraft Indus. Ass'n v. Dep't of Commerce*, 48 F.3d 540, 546 n.4 (D.C. Cir. 1995).   A complete administrative record contains all materials "pertaining to the [challenged] regulation".  *Id.*

Intervenor-Defendants have established supplementation is appropriate by identifying certain Omitted Documents that are specifically cited in the administrative record and indirectly relied upon, yet not included.

### 1.   USDA's administrative rulings in *Cottonwood Resource Council, et al.* were before the DOI/BLM at the time of the decision to promulgate the 2008 Mining Claim Rule.

Omitted Documents attached as Exhibits A and B to Intervenor-Defendants' Motion pertain to the administrative appeal *Cottonwood Resource Council, et al.*, App. No. 02-01-00-0004 (Forest Serv. Dec. 21, 2001) (the "*Cottonwood* Appeal").   The *Cottonwood* Appeal is cited and discussed in the administrative record at FMV000272-FMV000273 in the 2005 DOI opinion "Legal Requirements to Determine Mining Claim Validity before Approving a Mining Plan of Operations."   The 2005 DOI opinion included in the administrative record is attached as **Exhibit 1**.   Intervenor-Defendants seek to add the USDA's appeal reviewing officer's recommendation, (Ex. A at Docket No. 64), and the USDA's final administrative determination, (Ex. B at Docket No. 64), that constitute the *Cottonwood* Appeal to the administrative record.

Plaintiffs' Complaint identifies two DOI Memoranda issued on November 14, 2005, M-37011 and M-37012, which Plaintiffs contend "contradict" this Court's decision and Order in *Mineral Policy Center*.   These two memoranda (both of which are

appropriately included in the record) set forth the analysis and conclusions that (i) agencies would not inquire into claim validity when reviewing a mining proposal on lands open to the Mining Law; and, (ii) that the agencies lack the discretion to disapprove mining operations under their multiple use authorities.    A December 7, 2005 Memorandum from Secretary Norton requests that these two opinions be considered with respect to possible regulatory revisions including the "fair market value" issue remanded to the Department in the *Mineral Policy Center* case.   Federal Defendants appropriately included Secretary Norton's 2005 memorandum as well as the two memoranda she suggested be considered relative to the FMV issue remanded by this Court; however, the Omitted Documents include key materials relied upon in these two memoranda.

Relevant to this case, the M-37012 opinion concludes that the Department is under no legal obligation to determine mining claim "validity" before approving a proposed plan of operations to explore for or develop minerals on lands open to the Mining Law's operation.   This conclusion is based on an analysis that relies, in part, upon decisions of the DOA/USFS recognizing that no law requires that the Secretary determine mining claim or mill site validity before approving a plan of operations on lands open to the Mining Law.   One such decision cited in the M-37012 opinion is the *Cottonwood* Appeal.   The *Cottonwood* Appeal materials should be included in the administrative record for at least two reasons.   First, they are an important piece of authority relied upon in the M-37012 opinion which Plaintiffs challenge and allege contradicted this Court's decision and order.   Second, the analysis set forth in the *Cottonwood* Appeal materials is critical to fully demonstrate the reasoning behind the Agency's determination and practices that Plaintiffs challenge in this case – that claim validity is irrelevant to the agencies' authority over mining, that the agencies will not inquire into claim validity when reviewing a mining proposal on lands open to the Mining Law, and that the agency lacks the discretion to disapprove mining operations under their multiple use authorities.

In addition, citation to the *Cottonwood* Appeal in the administrative record necessarily implies that the DOI/BLM considered the USDA's rulings when it reached its final decision on the 2008 Mining Claim Rule.  At the very least, the USDA's rulings "might have influenced the agency's decision;" which is enough to require supplementation.  *See Sara Lee v. American Bakers Ass'n Retirement Plan*, 512 F. Supp. 2d 32, 38-39 (D.D.C. 2007).  Here, the BLM relied on the *Cottonwood* Appeal for the proposition that "there is no legal requirement or land management need for the Forest Service to conduct validity determinations on unpatented mining claims."  *See* Exhibit 1 at FMV000272-FMV000273.  Validity determinations on unpatented mining claims are at the heart of Plaintiffs' lawsuit.  Plaintiffs identify numerous specific actions by USFS refusing to conduct validity examinations to allow development of claims and challenge those actions as unlawful.  Plaintiffs ask this Court to enjoin the Federal Defendants from processing or authorizing mining related operations where no validity examination has been completed.  Defendant-Intervenors agree with Federal Defendants' explanation of "invalid" claims and believe that the documents proffered to supplement the record help establish a full record on the contested issues.

> ### 2. USFS letter to DOI requesting DOI's legal position on the 2003 Mill Site Rule was before the DOI/BLM at the time of the decision to promulgate the 2008 Mining Claim Rule.

Exhibit C is a letter to Kathleen Clark, Director of the DOI, from Dale N. Bosworth, Chief of the USFS requesting the DOI's legal position on the 2003 Mill Site Rule ("Bosworth Letter").  (*See* Ex. C at Docket No. 64.)  Like the *Cottonwood* Appeal materials, the Bosworth Letter is expressly referenced in the administrative record at FMV000268 in a Memorandum dated November 14, 2005 titled "Recession of 2001 Ancillary Use Opinion."  A true and correct copy of the November 14, 2005 DOI memorandum as it appears in the administrative record is attached as **Exhibit 2**.  The

DOI's memorandum further provides that the Bosworth Letter is "on file with the Solicitors' Office." *See id.*

Despite the direct citation to the *Cottonwood* Appeal materials and the Bosworth Letter in the administrative record, Federal Defendants do not adequately explain the exclusion of these pertinent materials. In their Opposition, Federal Defendants merely claim that the "intervenors cannot link" these documents to the Challenged Rules and that the decision in the *Cottonwood* Appeal and the Solicitor's Opinion on the 2003 Millsite Rule are not specifically challenged here. (*See* Fed. Defs.' Opp'n at 22.) However, an "agency cannot exclude documents from administrative record simply by claiming that the documents were not directly or indirectly considered by the agency." *National Ass'n of Chain Drug v. Dept. of Health*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009) (internal quotations omitted). Nor may the agency exclude from the administrative record "information in its own files which has great pertinence to the proceeding in question." *Environmental Defense Fund, Inc. v. Blum*, 458 F. Supp. 650, 661 (D.D.C. 1978). Indeed, the Administrative Procedure Act's requirement that the court review "the whole record" goes beyond those materials on which the agency relied in its final decision and includes "all materials that might have influenced the decision." *Amfac Resorts, LLC*, 143 F. Supp. 2d at 12; 5 U.S.C. § 706(2)(A).

As explained above, these documents are highly relevant and informed the government officials at the time of the DOI/BLM's the decision to promulgate the 2008 Mining Claim Rule. The documents were generated by the Federal Defendants before the decision on the 2008 Mining Claim Rule and are otherwise located in the Federal Defendants' own files. The DOI/BLM's citation of these documents in the materials designated as the administrative record correctly indicates that they were before the actual decision-makers and that those decision makers at least indirectly considered these documents. Accordingly, Intervenor-Defendants have met their burden of rebutting the presumption of regularity given to the DOI/BLM's certification of the administrative

record with reasonable, non-speculative grounds, and the *Cottonwood* Appeal materials and the Bosworth Letter should be added to complete the record.

Even if the Court concludes that the Omitted Documents cited in the administrative record were not before or considered directly or indirectly by the DOI/BLM in its rulemaking process, the Court should consider those documents, along with the remaining Omitted Documents, as extra-record evidence.

**B.    Admission of the Omitted Documents as Extra-Record Evidence is Appropriate and Necessary to Defend Against Plaintiffs' Allegations.**

The Omitted Documents are necessary for a full and complete understanding of the issues before the Court, which include whether to grant injunctive relief until "all Defendants revise their policies," including, but not limited to, the 2003 Mill Site Rule and the 2008 Mining Claim Rule and should be considered as extra-record evidence. Courts in the D.C. Circuit will consider extra-record evidence "when simply reviewing the administrative record is not enough to resolve the case." *Pacific Shores Subd.*, 448 F. Supp. 2d at 6. To supplement the administrative record with extra-record evidence, "the moving party must prove applicable one of the eight recognized exceptions to the general prohibition against extra-record review." *Id.*

Extra-record review is appropriate when, among other things, agency action is not adequately explained in the record before the court; an agency considered evidence which it failed to include in the record; evidence arising after the agency action shows whether the decision was correct or not; agencies are sued for a failure to take action; cases arise under the National Environmental Policy Act; or relief is at issue, especially at the preliminary injunction stage. *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). Underlying all of these exceptions is the assessment that "resort to extra-record information [is appropriate] to enable judicial review to become effective." *Id.*

Federal Defendants' Opposition does not dispute the Omitted Documents identified by the Intervenor-Defendants may be considered as extra-record evidence

under these well recognized exceptions.  Instead, Federal Defendants focus primarily on the materials that Plaintiffs seek to add and argues that supplementation is not appropriate because the record is complete.  Because the Omitted Documents are necessary for effective judicial review and Plaintiffs seek injunctive relief, review of extra-record evidence is appropriate.

### 1. The Omitted Documents are Necessary for Effective Judicial Review.

The administrative record does not adequately explain the policies and directives of the USDA and USFS that directly relate to the Plaintiffs' claims.  In addition to the facial challenge of the DOI/BLM's Challenged Rules, Plaintiffs' contest the regulation and policies of mining operations on federal lands administered by the USDA/USFS. (*See e.g.*, Compl. ¶ 4.)  Plaintiffs allege that the "DOA/USFS have historically relied upon, and currently rely upon, DOI/BLM's interpretation of Mining Law (including the Challenged Rules) in DOA/USFS' management of mining operations on the public lands." (Compl. ¶ 68.)  The Complaint seeks "to declare invalid and enjoin the DOA and USFS's adoption of, and reliance upon, the two above-mentioned DOI/BLM Rules (and the policies contained therein). . . ." (Compl. ¶ 4.)  The Complaint ultimately requests that the Court "[e]njoin Defendants [including USDA/USFS] from taking any action, including processing, authorizing or approving any mineral operation proposals . . . ." (Compl., Request for Relief at p. 47) until *all Defendants* revise their policies.  Because the Court may be required to rule on the validity of the USDA/USFS policies and decisions implementing the Challenged Rules and other of the Federal Defendants' policies, the record is inadequate and incomplete without documentation of the USDA/USFS' policies and the agency's application of those policies.

The Omitted Documents contain pre-decisional explanations of USDA/USFS policy undercutting Plaintiffs' claims that USDA/USFS "historically relied upon, and relies upon DOI/BLM interpretation of Mining Law," and explaining that the

USDA/USFS exercise independent authority.  Certain of the Omitted Documents clearly demonstrate otherwise.  Exhibit D to the Motion, an Informational Memorandum to the Chief of Forest Service from Mark Rey, Undersecretary for Natural Resources and Environment, asserts that the DOI opinions do not amend or limit the application of the USFS's locatable mineral regulations, which remain fully in effect for all operations, regardless of whether the operations are proposed on or off mining claims.  Accordingly, this document provides critical evidence to directly refute an allegation in the Complaint and is important for the USFS to defend against the requested injunctive relief.

Similarly, Exhibit I to the Motion is a memorandum from the DOA, Office of the General Counsel to Regional Forester in Colorado setting forth the analysis relied upon to conclude that ancillary use of claims is permissible.  It sets forth extensive authorities supporting the conclusion that ancillary activities used for mining purposes are permissible and lists specific examples of impermissible uses such as operation of a saloon, leasing the surface for grazing purposes, or using the surface for a resort hotel. This precedent and action by the USFS is challenged in Plaintiffs' complaint and the information provided in Exhibit 1 will be helpful to resolving the issues presented in the case and the request for injunctive relief.

Because the administrative record does not adequately explain regulation of mining operations on federal lands administered by the USDA/USFS, the Court should consider the Omitted Documents in this case.  Otherwise, the USDA/USFS could be subjected to an improper injunction.

### 2.  Extra-Record Evidence is Necessary to Respond to Plaintiffs' Claims for Injunctive Relief.

Where, as here, injunctive relief is at issue Courts permit extra-record evidence to address the equitable and public interest considerations of a challenged agency action. *See American Rivers v. U.S. Army Corps of Engineers*, 271 F. Supp. 2d 230, 247-248 (D.D.C. 2003) (citing *Esch* and allowing defendants evidence submissions because

injunctive relief was at issue); *see also*, *Earth Island Institute v. Evans*, 256 F. Supp. 2d 1064, 1078 n.16 (N.D. Cal. 2003) ("Defendants do not appear to dispute that 'extra-record' materials may be considered [in connection with the equitable and public interest considerations that a court must address to obtain injunctive relief], and indeed, documents submitted for this purpose do not even fall within the ambit of rules governing review of agency decisions under the APA.")

Plaintiffs' Complaint seeks "an order enjoining DOI/BLM and DOA/USFS from processing or authorizing any mining related operations not in accordance with applicable laws." (Compl. ¶ 21.)   Accordingly, this case fits squarely within the D.C. Circuit's stated exception for allowing extra-record consideration in cases where injunctive relief is at issue. *Cf. American Rivers*, 271 F. Supp. 2d at 247-248 (allowing defendants' evidence submissions because injunctive relief was at issue and concluding "that this case fits squarely within one of our Circuit's stated exceptions for allowing consideration of extra-record declarations in administrative review cases").

Therefore, the Court should consider the Omitted Documents as extra-record evidence in this case if it is not included as a supplement to the Record.  The information included in the Omitted Documents directly addresses and, indeed, refutes certain allegations raised in Plaintiffs' Complaint which Plaintiffs rely upon in seeking to enjoin certain agency action with respect to mining operations.  Such evidence must be included in the record for consideration by this Court in deciding Plaintiffs' claims and the Defendants' arguments defending against the same.

## CONCLUSION

For the foregoing reasons, Intervenor-Defendants' Motion to Supplement the Administrative Record should be granted and the Omitted Documents should be added to

///

///

the Record.  Alternatively, the Court should consider the Omitted Documents as extra-record evidence in this case.

Dated:  July 15, 2011                    Respectfully submitted,

By:  /s/  Richard H. Bryan
    Richard H. Bryan (D.C. Bar # 479676)
    Laura Granier (pending pro hac vice admission)
    Lionel Sawyer & Collins
    50 W. Liberty Street, Suite 1100
    Reno, Nevada 89501
    Telephone: 775-788-8666
    Facsimile: 775-788-8682

    Attorneys for Defendant Intervenors Northwest Mining Association and Alaska Miners Association, Inc.